**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4140**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHARLES RANDOLPH GREENE, a/k/a Charles Randolph Greene, Jr.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Chief District Judge.  (3:22-cr-00156-MHL-1)

---

Submitted:  February 26, 2026                     Decided:  March 2, 2026

---

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Carolyn V. Grady, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Erik S. Siebert, United States Attorney, Ellen H. Theisen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Randolph Greene pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him to 90 months' imprisonment.  On appeal, Greene argues that the district court abused its discretion in denying his motion to withdraw his guilty plea and that it incorrectly calculated his advisory Sentencing Guidelines range because his two prior convictions under Va. Code Ann. § 18.2-248 did not qualify as controlled substances offenses for purposes of U.S. Sentencing Guidelines Manual § 4B1.2(b) (2021).  We affirm.

We review a district court's denial of a defendant's motion to withdraw a guilty plea for abuse of discretion.  *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012).  "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to determine whether there exists a fair and just reason for withdrawal."  *United States v. Walker*, 934 F.3d 375, 377 n.1 (4th Cir. 2019) (citation modified).  The burden of showing a fair and just reason for withdrawal is on the defendant.  *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000).  We have articulated a list of factors for consideration in determining whether a defendant has met his burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Id.* (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)).  The first, second, and fourth factors are generally the most significant.  *United States v. Sparks*, 67 F.3d 1145,

2

1154 (4th Cir. 1995). Moreover, "a properly conducted Rule 11 colloquy raises a strong presumption that the plea is final and binding." *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023) (citation modified); *Nicholson*, 676 F.3d at 384 ("The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." (citation modified)).

Greene argues that he made a credible claim of legal innocence in his motion to withdraw his guilty plea because § 922(g)(1) is facially unconstitutional and unconstitutional as applied to him following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). Greene also contends that the remaining *Moore* factors were either neutral or weighed in favor of withdrawal of his plea.

We conclude that the district court did not abuse its discretion in denying Greene's motion to withdraw his guilty plea. The district court adequately balanced the *Moore* factors and properly found that, in his motion, Greene did not allege impropriety at the Rule 11 hearing, credibly assert his legal innocence, or demonstrate ineffective assistance of counsel. *Sparks*, 67 F.3d at 1154. The district court also reasonably found that withdrawal would inconvenience the court and waste judicial resources because no legal basis existed for withdrawal. Further, our review confirms that the Rule 11 colloquy was properly conducted, creating a strong presumption that Greene's guilty plea is final and binding. *Taylor-Sanders*, 88 F.4th at 522. Finally, Greene concedes that his facial and as-applied Second Amendment challenges to § 922(g)(1) are foreclosed by our decisions in *Canada* and *Hunt*. *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding

3

that "[§] 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances") (citation modified); *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (holding that "neither *Bruen* nor *Rahimi* abrogate[d] this Court's precedent foreclosing as-applied challenges to Section 922(g)(1)"), *cert. denied*, 145 S. Ct. 2756 (2025). Accordingly, we conclude that the district court did not abuse its discretion in denying Greene's motion to withdraw his guilty plea based on its consideration of the *Moore* factors.

Greene also argues that his two prior Virginia felony convictions under Va. Code Ann. § 18.2-248 do not qualify as controlled substance offenses under the applicable Guidelines provisions. Specifically, Greene asserts that § 18.2-248 is overly broad because it criminalizes attempted transfers, which is impermissible under *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). However, Greene's argument is foreclosed by our decision in *United States v. Nelson*, in which we held that a drug distribution conviction under Va. Code Ann. § 18.2-248 is a controlled substance offense for purposes of USSG § 4B1.2 and that attempt offenses are criminalized separately under Va. Code Ann. § 18.2-257. 151 F.4th 577, 582 (4th Cir. 2025), *petition for cert. filed*, No. 25-6622 (U.S. Jan. 20, 2026). Accordingly, we discern no error in the district court's calculation of Greene's base offense level and Guidelines range.

4

We therefore affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*